# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALESSANDRO DIRIENZO, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DUNBAR ARMORED, INC.,<br><br>Defendant. | CASE NO. 09CV2745 DMS (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIFTH CLAIM FOR RELIEF**<br><br>[Doc. 10.] |

Pending before the Court is Defendant's motion to dismiss Plaintiff's fifth claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter came on for hearing on May 6, 2010. Kyle Nordrehaug appeared on behalf of Plaintiff. Rene Thorne and Paul Sorrentino appeared on behalf of Defendant. For the reasons set forth below, the motion is granted.

## I.
## BACKGROUND

Plaintiff Alessandro Dirienzo is former employee of Defendant Dunbar Armored, Inc. (FAC ¶ 10.) Defendant provides security and armored truck services to businesses throughout the United States. (*Id.* at ¶ 2.) Defendant employs Armored Car Drivers, Armored Car Guards, and other Armored Car Personnel (collectively "Armored Truck Employees") who are responsible for the safe

delivery and pick-up of customer valuables or cargo and provide transportation via armored trucks. (*Id.* at ¶¶ 3-4.)

Plaintiff was employed by Defendant as an Armored Truck Employee from November 2007 to October 2009. (*Id.* at ¶ 10) Plaintiff was a non-exempt employee and worked forty or more hours each week. (*Id.*) During the course of that employment, Plaintiff incurred expenses for items such as a gun, bullets, a bullet proof vest, firearm license, and gun holster. (*Id.* at ¶ 11.) Defendant did not reimburse Plaintiff for the cost of those items. (*Id.*) Plaintiff also failed to receive meal periods and rest periods as required by law, and did not receive certain wages due at the termination of his employment. (*Id.* at 12.)

Plaintiff filed suit on behalf of himself and all Armored Truck Employees who were employed by Dunbar in California for Defendant's alleged unlawful employment practices. (*Id.* at ¶ 14.) Plaintiff's FAC alleges five claims for relief: 1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; 2) violation of Cal. Labor Code § 2802 for failure to indemnify; 3) violation of Cal. Labor Code §§ 226.7 & 512 for failure to provide meal and/or rest periods; 4) violation of Cal. Labor Code § 203 for failure to pay wages when due; and 5) violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Plaintiff also seeks civil penalties as provided by the Labor Code Private Attorneys General Act, Cal. Labor Code § 2698 et seq.

At issue in the present motion is Claim 5, which seeks declaratory and equitable relief under ERISA. Plaintiff alleges that Armored Truck Employees were eligible for ERISA benefits under federal law but were wrongfully denied such benefits. (FAC at ¶¶ 58-59.) Plaintiff seeks a judicial declaration of the rights of the parties, an order compelling production of Defendant's ERISA plan documents, as well as injunctive and equitable relief. (*Id.* at ¶¶ 61-62.)

Plaintiff filed his complaint on December 8, 2009. (Doc. 1.) Following an informal conference with the Court, Plaintiff filed a First Amended Complaint on February 18, 2010. (Doc. 9.) Defendant filed the motion to dismiss on March 10, 2010. (Doc. 10.) Plaintiff filed an opposition, and Defendant filed a reply. (Docs. 11 & 12.)

///

## II.

## LEGAL STANDARD

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

## III.

## DISCUSSION

Defendant's employee handbook sets out the requirements for obtaining employee benefits. It provides, in pertinent part: "Individuals who have successfully completed their probationary period and work more than 40 hours per week are eligible for a full-benefit employee classification. The determining factor is the availability of a full-benefit employee slot." (Employee Handbook 7-1.) The handbook goes on to describe the factors involved in determining the number of full-benefit employee positions available at each branch. (*Id.*) Additionally, in order to participate in Defendant's 401(k) plan, the handbook specifies that an employee must be 21 years of age, complete 1 year of service, and work at least 1,000 hours within the employee's anniversary year or subsequent calendar year. (*Id.* at 7-7.)

Plaintiff contends that the eligibility requirements for participation in Defendant's plan violates 29 U.S.C. § 1052 ("Section 202") because it effectively requires employees to work more than one

year to be eligible for full-time benefits and thus, it discriminates against new employees.[1] Plaintiff further contends that Defendant has breached its fiduciary duty by misrepresenting the terms of employee eligibility under ERISA and failing to provide plan documentation. (Pl. Opp'n. 5.) Based upon these alleged violations, Plaintiff seeks equitable relief under 29 U.S.C. § 1132 (a)(2) and (a)(3) ("Section 502").[2] Defendant, on the other hand, contends Plaintiff's claims are actually for benefits under Section 502(a)(1)(B).[3] Defendant argues that Plaintiff may not maintain an action under Sections 502(a)(2) and 502(a)(3) when relief is available under Section 502(a)(1)(B). Defendant further contends that Plaintiff has not properly alleged a claim for plan documentation or misrepresentation.

**A.    Section 502(a)(3)**

Plaintiff seeks a judicial declaration pursuant to Section 502(a)(3) that Defendant's plan eligibility requirements violate federal law. Section 502(a)(3) is a catchall provision which "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that section 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Relief is not "appropriate" under Section 502(a)(3) when Section 502(a)(1)(B) provides an adequate remedy. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997); *see also Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006) ("[T]he great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed

---

[1] Section 202(a)(1)(A) provides: "No pension plan may require, as a condition of participation in the plan, that an employee complete a period of service with the employer ... extending beyond the later of the following dates -- (i) the date on which the employee attains the age of 21; or (ii) the date on which he completes 1 year of service."

[2] Section 502(a)(2) & (3) provide, in pertinent part: "(a) Persons empowered to bring a civil action. A civil action may be brought ... (2) by ... a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 U.S.C.S. § 1109]; (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan[.]"

[3] Section 502(a)(1)(B) provides: "(a) Persons empowered to bring a civil action. A civil action may be brought – (1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

with a claim under § 1132(a)(3).").

Defendant contends that Plaintiff's claim for equitable relief under Section 502(a)(3) is, in fact, a claim for benefits. Therefore, Defendant asserts that Plaintiff has an adequate remedy under Section 502(a)(1)(B) and cannot bring a claim under Section 502(a)(3). The Court agrees. Although Plaintiff argues that he seeks only a declaration regarding the legality of the plan requirements, Plaintiff's central claim is that he was denied benefits. The FAC is replete with references to benefits, and Plaintiff indicates that the result of a declaration in his favor will involve an IRS correction procedure for missing enrollment in the 401(k) plan. (*See* FAC ¶¶ 1, 9, 59, 62; Pl. Opp'n. 6.) Plaintiff's original complaint also sought relief under Section 502(a)(1)(B), but Plaintiff later abandoned that claim apparently because of his failure to exhaust administrative remedies. Plaintiff, however, cannot now use Section 502(a)(3) to avoid administrative exhaustion requirements; the fact that Plaintiff may not succeed in a claim under Section 502(a)(1)(B) does not render the claim inadequate. *See Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1089 (11th Cir. 1999) ("[T]he availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor."). Accordingly, Defendant's motion to dismiss this aspect of Plaintiff's claim is granted.

**B.     Section 502(a)(2)**

Initially, Defendant contends that Plaintiff's Section 502(a)(2) claim fails for the same reason, *i.e.*, because Plaintiff has an adequate remedy under Section 502(a)(1)(B), he cannot state a claim under Section 502(a)(2). The Ninth Circuit, however, has held that a plaintiff with standing to bring a claim under Section 502(a)(2) may do so even if relief is also available under Section 502(a)(1)(B). *Harris v. Amgen, Inc.*, 573 F.3d 728, 735 (9th Cir. 2009). Thus, the Court declines to dismiss Plaintiff's Section 502(a)(2) claim on this ground.

Plaintiff's Section 502(a)(2) claim, however, fails for other reasons. Plaintiff argues that Defendant breached its fiduciary duty under 29 U.S.C. § 1109 ("Section 409") by misrepresenting Plaintiff's eligibility for benefits and by failing to provide plan documentation. To the extent Plaintiff alleges misrepresentation, the claim fails because Plaintiff does not allege detrimental reliance. *See Harris v. Amgen, Inc.*, 2010 U.S. Dist. LEXIS 26283 (C.D. Cal. Mar. 2, 2010). To the extent Plaintiff

relies on Section 502(a)(2) as a way to obtain plan documentation, such reliance is misplaced. Sections 502(a)(1)(A) and 502(c) address a plan administrator's failure to provide plan documents.[4] Moreover, Plaintiff fails to allege he requested plan documents and that any such request was refused. Accordingly, Plaintiff's Section 502(a)(2) claim is dismissed.

Defendant also raises other challenges to the FAC, including that Defendant's plan does not violate Section 202, Plaintiff's Section 502(a)(2) claim fails because no loss to the plan is alleged, Plaintiff lacks standing to seek injunctive relief, and trial by jury and compensatory damages are not available under ERISA. The Court declines to reach these arguments, as the rulings above are dispositive.

## IV.
## CONCLUSION

For these reasons, Defendant's motion is granted. Claim 5 of Plaintiff's First Amended Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: May 12, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[4] Section 502(a)(1)(A) provides: "(a) Persons empowered to bring a civil action. A civil action may be brought – (1) by a participant or beneficiary – (A) for the relief provided for in subsection (c) of this section ...."

Section 502(c) provides: "(c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form. (1) Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $ 100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."