1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

ALESSANDRO DIRIENZO, on behalf of himself, and on behalf of all persons similarly situated,

12

13

Plaintiffs,

14

vs.

15

DUNBAR ARMORED, INC., a Maryland Corporation,

16

17

Defendant.

18

*Consolidated with:*

19

ANTHONY ROGERS, on behalf of himself and all others similarly situated,

20

Plaintiff,

21

v.

DUNBAR ARMORED, INC., a Maryland corporation, and DOES 1 through 100, inclusive,

22

23

Defendants.

CASE No. **09CV2745 DMS (JMA)**
(Class Action)


**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**


Assigned to: Judge Dana M. Sabraw
Referred to: Magistrate Judge Jan M. Adler
*Dirienzo* Complaint Filed: December 8, 2009



CASE NO. 10CV1931 DMS (JMA)



*Rogers* Complaint Filed:    October 17, 2009

24

25

26

27

Plaintiffs Alessandro Dirienzo and Anthony Rogers ("Plaintiffs") and Defendant Dunbar Armored, Inc. ("Defendant") have submitted a joint motion for conditional certification of a settlement class in this action, preliminary approval of the parties' proposed settlement, approval of the notice to be sent to the class about the settlement and the forms of class member settlement information and election not to participate in the settlement, approval of the claim form, and the setting of a date for the hearing on final approval of the settlement.

The Court having read and considered the papers on the motion and the law, and good cause appearing therefore,

IT IS ORDERED:

1.     The Court has jurisdiction over this action and the parties' proposed settlement pursuant to 28 U.S.C. Section 1332.

2.     The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

3.     The parties' Joint Stipulation of Settlement and Release ("Stipulation of Settlement"), attached to the Declaration of Norman B. Blumenthal ("Blumenthal Decl."), as Exhibit A is granted preliminary approval as it meets the criteria for preliminary settlement approval, except as to the following: (1) the sentence beginning with "The individual settlement awards will be determined by . . ." on page 10 of the Joint Stipulation of Settlement and Release shall be changed to read "The individual settlement awards will be determined by dividing the Net Settlement Fund by the total number of workweeks for the entire Class, resulting in the Workweek Value; and then multiplying the Workweek Value by the number of workweeks worked by each Class Member during the Class Period (the "Individual Settlement Award").", and (2) the case number listed for *Anthony Rogers v. Dunbar Armored, Inc.* in the Joint Stipulation of Settlement and Release shall to be corrected to read "Case No. 10cv1931 DMS (JMA).   The Settlement falls within the range of possible approval as fair, adequate, and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat

all Class Members fairly.

4.      Under Rule 23(e), the Court may approve a class settlement only upon finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  To determine whether a proposed settlement meets these standards, the Court must evaluate a number of factors, including:

> (1) the strength of the plaintiffs' case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the risk of maintaining class action status throughout the trial;
> (4) the amount offered in settlement;
> (5) the extent of discovery completed and the stage of the proceedings;
> (6) the experience and views of counsel;
> (7) the presence of a governmental participant; and
> (8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted); see also *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  These factors are not exclusive, and in some circumstances, one factor may deserve more weight than others or alone may prove to be determinative.  *Officers for Justice*, 688 F.2d at 625; *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004).  In addition, the settlement may not be the product of collusion among the negotiating parties. *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  Given that some of these factors cannot be fully assessed until the Court conducts the Final Approval Hearing, a full fairness analysis is unnecessary at this stage.  *Singer v. Becton Dickinson & Co.*, No. 08cv821 IEG (BLM), 2009 WL 4809646, at *7 (S.D. Cal. Dec. 9, 2009) (citation and quotations omitted).  "Rather, at the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible range of possible judicial approval and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate." *Id.* (citations and quotations omitted).  All of the factors considered for class settlement approval support the preliminary approval of the Settlement:

a.      **The Strength of the Plaintiffs' Case**.  The Consolidated Class Action alleges that employees in the Settlement Class were not provided business expense

reimbursement and compensation for missed meal and rest periods.  Dunbar asserted real and substantial defenses to these claims as explained in the Declaration of Norman Blumenthal.  Further, meal and rest break claims are currently under review by the California Supreme Court in *Brinker v. Superior Court*, and therefore, the law is uncertain as to these claims.  Given the above uncertainties, this factor weighs in favor of granting preliminary approval of the settlement.

b.      **The Risk, Expense, Complexity, and Likely Duration of Further Litigation**.  "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 526 (citations and quotations omitted).  Here, the parties have indicated a clear intention and desire to resolve this matter and continued litigation would have proved expensive for both sides.   The parties acknowledge that litigating and trying this action may have led to possible appeals.  This factor weighs in favor of preliminary approval.

c.      **The Risk of Maintaining Class Action Status**.  Plaintiffs also argue that there was a "significant risk" that they would not have been able to obtain class certification and maintain the certified class through trial.  Class certification in this action is hotly disputed by Defendant.  This factor weighs in favor of preliminary approval of the settlement.

d.      **The Amount Offered in Settlement**.  When analyzing the amount offered in settlement, the Court should examine "the complete package taken as a whole, rather than the individual component parts" to determine whether the proposal is fair.  *Officers for Justice*, 688 F.2d at 628.  "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to class members at trial." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527 (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).  "[T]he

very essence of a settlement is compromise." *Linney*, 151 F.3d at 1242 (citation and quotations omitted).   The maximum Settlement Fund is $1,500,000.   The allocation formula for the Settlement is as follows:  Settlement awards to Class Members will be determined on a workweek basis and the amount to be paid per workweek shall be calculated by dividing the Net Settlement Fund by the total number of workweeks worked by all of the respective Class Members during the Class Period pursuant to the settlement allocation described below to yield the estimated minimum payment to be paid to the Class Members for each workweek.   The number of workweeks worked by Class Members during the respective Class Period will be determined by reference to Defendant's records.   (Stipulation of Settlement at ¶ 17(c).)   Here, the Declaration of Class Counsel estimated that the settlement amount of $1,500,000, before deductions, represents at least 30% of the total maximum liability estimated by Class Counsel, assuming these amounts could be proven at trial.   A settlement of this amount therefore falls within the range of similar settlements approved in the Ninth Circuit.  Accordingly, the Court finds the amount offered in settlement weighs in favor of granting preliminary approval of the settlement.

   e.   **The Extent of Discovery Completed and the Stage of the Proceedings**. The proposed settlement in this case was reached at an early stage in the proceedings; thus, no formal discovery took place prior to settlement.   Rather, Defendant, in preparation for attending mediation, informally provided Plaintiff with necessary information to evaluate the case for mediation, including time records and payroll information for members of the class.  Plaintiffs, with the assistance of their damages expert, analyzed the data and calculated damages.   Plaintiffs have adequately demonstrated that the agreement to settle did not occur until Class Counsel possessed sufficient information to evaluate the case and make an informed decision about settlement.  Accordingly, the Court finds that this factor supports preliminary approval of the settlement.

f.      **The Experience and Views of Counsel**.  Both Class Counsel and Defendant's counsel are of the opinion that the settlement is fair, reasonable, and adequate and is in the best interests of the class.  The settlement was negotiated and approved by experienced counsel on both sides of the litigation.  Accordingly, this factor weighs in favor of preliminary approval.

g.      **The Presence of a Governmental Participant**.  This factor does not weigh in the Court's analysis as there is no governmental participant in this action.

h.      **The Reaction of the Settlement Class to the Proposed Settlement**.  The reaction of the Settlement Class Members to the proposed settlement cannot be evaluated at this time.  This factor will be appropriate for consideration at the hearing for final approval of the settlement.

5.      The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members, the vast majority whose identities and addresses are known to the parties, and such mailed notice is the best notice practicable.  The parties' proposed Notice of Preliminary Approval of the Settlement ("Notice") (Stipulation of Settlement, Ex. A), and proposed Claim Form (*id*., Ex. B) are sufficient to inform Settlement Class Members of the terms of the settlement, their rights under the settlement, their rights to be excluded from the settlement, their rights to object to the settlement, their rights to receive a share of the settlement or elect not to participate in the settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved, with the exceptions contained herein.

6.      The following class of persons are certified as the Settlement Class in this action solely for the purposes of the Settlement:

> all current and former employees employed by Defendant as a driver/guard and/or crew chief or similar job title in California between September 26, 2006, through the earlier of the date of preliminary Court approval or December 31, 2010.

For purposes of settlement only, the Court conditionally certifies the above Settlement Class and

finds that the prerequisites to certification under Rule 23 of the Federal Rules of Civil Procedure as satisfied as follows:

      a.    **Numerosity.**  According to the Parties, the Settlement Class is comprised of approximately 785 Settlement Class Members.  This number is sufficient to make joinder impracticable.  The Court finds that the number of Settlement Class Members satisfies the numerosity requirement for settlement purposes only.

      b.    **Commonality.**  The Court finds for settlement purposes only that commonality exists for the Settlement Class because the following questions are common to the Settlement Class: (i) whether or not Defendant failed to reimburse the Settlement Class for all reasonable business expenses in violation of California Labor Code Section 2802; (ii) whether or not Defendant violated the Private Attorneys General Act (Labor Code Section 2699, et seq.), Unfair Competition Law (Business and Professions Code Section 17200, et seq.), under Labor Code Sections 201, 203, 221, 226.7, 512, and 2802, and Wage Order No. 9 as to the Settlement Class; and (iii) whether or not Defendant failed to provide meal and rest periods to the Settlement Class in violation of California Labor Code Sections 226.7 and 512 and IWC Wage Order 9.

      c.    **Typicality**.  The court finds for settlement purposes only that typicality exists for the Settlement Class because Plaintiffs, like every other member of the Class, were employed by Dunbar and were subjected to the standardized practices of Dunbar which are alleged to have failed to provide business expense reimbursement and meal and rest periods.  The Plaintiffs, like every other member of the Class, claim compensation for missed meal periods and for business expense reimbursement.  Thus, the claims of both the Plaintiffs and the members of the Class arise from the same course of conduct by Dunbar, involve the same issues, and are based on the same legal theories.

      d.    **Adequate Representation**.  The Court finds for settlement purposes only that the named Plaintiffs, Alessandro Dirienzo and Anthony Rogers, have and will fairly

and adequately protect the interests of the Settlement Class, as required under Rule 23(a)(4), and do not have any conflicts of interest with the absent class members, and accordingly finds that they are suitable class representatives.   Additionally, after reviewing the qualifications of the applicants for appointment of class counsel, Blumenthal, Nordrehaug & Bhowmik and Cohelan Khoury & Singer, the Court finds that counsel satisfy the adequacy requirements of Rule 23(g)(1) and (4).

e.   **Predominance**.  The court finds for settlement purposes only that common questions predominate for the Settlement Class because Plaintiffs contend that Dunbar engaged in a uniform course of conduct with respect to business expense reimbursement and meal and rest periods which resulted in a systematic failure to provide compensation for incurred business expenses and missed meal and rest periods and that Dunbar's policies with respect to these issues are uniform.

f.   **Superiority**.  The court also finds for settlement purposes only that the Settlement Class satisfies the superiority requirement of Rule 23(b)(3) because a class settlement would enable Settlement Class Members' to collectively resolve their common claims.

7.   Any Settlement Class Member who submits a timely and valid Claim Form will receive a share of the settlement.

8.   Any Settlement Class Member who wishes to comment on or object to the Settlement or Class Counsel's attorneys' fees or costs award, or who elects not to participate in the Settlement, has until 45 days after the mailing of the Class Notice to submit his or her comment, objection, or request for exclusion pursuant to the procedures set forth in the Class Notice.  Class Counsel must file their application for the attorneys' fees and costs prior to the mailing of the Class Notice so that the application is available for review by Settlement Class Members, and the application will be heard at the Final Approval Hearing.

9.   Gilardi & Co. is appointed to act as the Claims Administrator, pursuant to the

terms set forth in the Settlement.

10.     The Class Notice and Claim Form attached as Exhibits A and B to the Stipulation of Settlement are approved as to form and content, except as to the following: (1) the sentence beginning with "The individual settlement awards will be determined by . . ." on page 7 of the Notice shall be changed to read "The individual settlement awards will be determined by dividing the Net Settlement Fund by the total number of workweeks for the entire Class, resulting in the Workweek Value; and then multiplying the Workweek Value by the number of workweeks worked by each Class Member during the Class Period.", and (2) the case number listed for *Anthony Rogers v. Dunbar Armored, Inc.* on page 1 of the Claim Form is to be corrected to read "Case No. 10cv1931 DMS (JMA). The Class Notice will be disseminated according to the notice plan described in the Stipulation of Settlement and substantially in the form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

11.     Defendant is directed to provide the Claims Administrator the names, last-known addresses, telephone numbers, and social security numbers of the Settlement Class Members as specified by the Stipulation of Settlement no later than 15 days after the date of this order.

12.     The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members no later than 30 days after the date of this order.

13.     A final hearing will be held on August 5, 2011, at 1:30 p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Settlement Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representatives' request for service awards and Class Counsel's request for attorneys' fees and costs. Settlement Class Members and their counsel may support or oppose the Settlement and the motion for the Class Representative service awards and Class Counsel's request for attorneys' fees and costs, if they so desire, as set forth in the Class Notice.

14.     Any Settlement Class Member may appear at the final approval hearing in person

1  or by his or her own attorney, and show cause why the Court should not approve the Settlement,

2  or object to the Class Representative service awards and to Class Counsel's attorneys' fees and

3  costs.  For any comments or objections to be considered at the hearing, the Class Member must

4  timely file comments with the Clerk of Court indicating briefly the nature of the Class Member's

5  comments, support, or objections.  Comments or objections to the Settlement or to the Class

6  Counsel attorneys' fees and costs must be filed with the Court, and mailed to Class Counsel, not

7  later than 45 days after mailing of the Class Notice Packet.

8         15.    The Court enjoins Plaintiffs and all Settlement Class Members from filing or

9  prosecuting any claims, suits, or administrative proceedings (including filing claims with the

10  California Division of Labor Standards Enforcement) regarding claims released by the Settlement

11  unless and until such Settlement Class Members have sent written requests for exclusion with the

12  Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

13        16.    The Court reserves the right to continue the date of the final approval hearing

14  without further notice to Settlement Class Members.  The Court retains jurisdiction to consider all

15  further applications arising out of or in connection with the Settlement.

16        **IT IS SO ORDERED.**

17  DATED: April 4, 2011

18

19                               _____
                                 HON. DANA M. SABRAW
20                               UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27